# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**NORMAN E. ARTHUR II,**
**Claimant Below, Petitioner**

**FILED**

November 29, 2016
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)    No. 16-0037** (BOR Appeal No. 2050654)
                    (Claim No. 2014023401)

**SERVICE PUMP & SUPPLY COMPANY, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Norman E. Arthur II, by Edwin H. Pancake, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Service Pump & Supply Company, Inc., by Bradley A. Crouser, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated December 22, 2015, in which the Board affirmed a July 2, 2015, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's May 7, 2014, decision denying the request for retroactive authorization of a laminectomy and discectomy. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Arthur sustained an injury on October 22, 2013, when a crane block struck him in the back, nearly throwing him into a fifty-foot pit. He was treated for lower thoracic spine, upper lumbar spine, and mid lumbar spine pain. X-rays taken revealed that Mr. Arthur had mild multilevel degenerative changes and osteophytosis at L3-4 and L4-5. He was diagnosed with back pain, thoracic strain, and lumbar strain.

1

On October 25, 2013, Mr. Arthur was treated by Anthony Alberico, M.D., for low back pain. Dr. Alberico noted that Mr. Arthur had a known disc herniation at L4-5. Dr. Alberico reviewed an MRI taken on September 11, 2013, (prior to the October 22, 2013, injury). He described the MRI as showing degenerative changes at L4-5 with a central disc herniation. Dr. Alberico compared that MRI to another one taken on February 28, 2011, which also showed the L4-5 disc bulge. Dr. Alberico recommended that Mr. Arthur undergo a laminectomy and discectomy to treat the herniated disc.

Mr. Arthur underwent the L4-5 laminectomy and discectomy on January 7, 2014. The Report of Occupational Injury describing the injury was not completed by a physician until January 30, 2014. Norman Bell, M.D., noted on the form that Mr. Arthur had a history of chronic back pain and diagnosed him with lumbar and thoracic sprains. On February 10, 2014, the claims administrator held the October 22, 2013, injury compensable for lumbar and thoracic sprains.

Mr. Arthur requested retroactive authorization for the laminectomy and discectomy. The claims administrator denied this request because it was determined the procedures were necessary to treat a non-compensable pre-existing condition. Mr. Arthur sought reconsideration of the decision through the claims administrator's Grievance Board. The Grievance Board recommended affirming the denial of the request on May 6, 2014. On May 7, 2014, the claims administrator again denied the request for retroactive approval of the laminectomy and discectomy.

Mr. Arthur has a long history of lumbar spine pain. On May 9, 2006, a treatment note from St. Mary's Medical Center stated X-rays taken of Mr. Arthur's lumbar spine showed mild disc space narrowing at the L4-5 level consistent with degenerative change. He was treated on April 11, 2007, for a lower back injury and was diagnosed with muscle spasms in the left lumbar and posterior thoracic region. On January 31, 2011, Mr. Arthur suffered an injury to his lower back and was diagnosed with a lumbar and thoracic sprain. An MRI taken of Mr. Arthur's lumbar spine on February 28, 2011, found degenerative disc disease with bulging at the L3-L4 levels.

On March 14, 2014, a review of Mr. Arthur's medical records was performed by James Dauphin, M.D. Dr. Dauphin recommended the request for retroactive authorization of the laminectomy and discectomy be denied because they were procedures meant to treat the pre-existing disc herniation and not the compensable injury.

On July 2, 2015, the Office of Judges affirmed the claims administrator's decision denying the retroactive authorization. The Office of Judges found that the surgeries were performed to treat the pre-existing condition of a herniated disc. Two MRIs performed prior to the compensable injury showed disc herniation at the L4-5 level. Medical reports show that Mr. Arthur had an extensive history with back problems as far back as 2006, including a prior injury in 2011 for which he received a permanent partial disability award. Additionally, two days after the injury Dr. Alberico noted that Mr. Arthur already had a known disc herniation and based on that diagnosis recommended the laminectomy and discectomy. The Office of Judges determined that the herniated disc pre-existed the compensable injury. It found that Mr. Arthur had not

2

proven by a preponderance of the evidence that the laminectomy and discectomy were meant to treat the compensable injuries of lumbar and thoracic sprains. The Board of Review affirmed the Order of the Office of Judges.

We agree with the reasoning and conclusions of the Office of Judges as affirmed by the Board of Review. The evidence indicates that Mr. Arthur had a herniated disc that pre-existed his October 22, 2013, injury. Dr. Alberico viewed two MRIs taken prior to the injury, in February of 2011 and September of 2013, which showed the L4-5 disc herniation. Dr. Dauphin reviewed the medical records and recommended the request for retroactive authorization be denied because the procedures were meant to treat the pre-existing condition. None of the treating physicians determined an aggravation occurred or suggested that the laminectomy or discectomy were meant to treat the compensable injuries of lumbar and thoracic sprains. The decision of the Office of Judges as affirmed by the Board of Review is supported by the evidentiary record.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: November 29, 2016**

**CONCURRED IN BY:**
Chief Justice Menis E. Ketchum
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II